**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| WAYNE CHENAULT, | ) | NO. CV 07-7690-E |
|               Plaintiff, | ) | |
|     v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
|               Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on November 27, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 23, 2008. Plaintiff filed a motion for summary judgment on

May 22, 2008.  Defendant filed a cross-motion for summary judgment on June 26, 2008.  Plaintiff filed a reply on July 2, 2008.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed December 13, 2007.

## BACKGROUND

Plaintiff asserts disability based on exertional and non-exertional impairments (Administrative Record ("A.R.") 43-328).  The Administrative Law Judge ("ALJ") found Plaintiff suffers from severe exertional and non-exertional impairments that preclude the performance of Plaintiff's past relevant work (A.R. 19-20, 23).  The ALJ relied on the testimony of a vocational expert in determining there exist significant numbers of other jobs Plaintiff can perform (A.R. 24, 330-33).  The Appeals Council considered Plaintiff's post-decision brief but denied review (A.R. 5-9, 287-94).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

Where, as here, the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis.  See

1  Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir.), cert. denied, 531
2  U.S. 1038 (2000) (reviewing court properly may consider materials
3  submitted to the Appeals Council when the Appeals Council addressed
4  the materials in denying review); Ramirez v. Shalala, 8 F.3d 1449,
5  1452 (9th Cir. 1993) ("although the Appeals Council declined to review
6  the decision of the ALJ, it reached this ruling after considering the
7  case on the merits; examining the entire record, including the
8  additional material; and concluding that the ALJ's decision was proper
9  and that the additional material failed to provide a basis for
10 changing the hearing decision.  For these reasons, we consider on
11 appeal both the ALJ's decision and the additional material submitted
12 to the Appeals Council") (citations and quotations omitted); Penny v.
13 Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council
14 considered this information and it became part of the record we are
15 required to review as a whole"); see generally 20 C.F.R. §§
16 404.970(b), 416.1470(b).

**DISCUSSION**

The ALJ's decision is internally inconsistent.  At pages 4 and 7 of the decision, the ALJ states that Plaintiff has a residual functional capacity "occasionally [to] work at heights; occasionally be exposed to moving or dangerous machinery; and, should perform no work requiring good binocular vision.  Additionally, the claimant is noted to have no exertional limitations" (A.R. 20, 23).  At page 8 of the decision, the ALJ states that the ALJ asked the vocational expert whether jobs exist "for an individual with the claimant's . . . residual functional capacity" (A.R. 24).  These statements are

3

1  inconsistent; at least one of the statements is erroneous.  The
2  residual functional capacity set forth at pages 4 and 7 of the written
3  decision is not the same as the residual functional capacity set forth
4  in the question the ALJ posed to the vocational expert (<u>compare</u> A.R.
5  20 and 23 <u>with</u> A.R. 330-31 (describing a residual functional capacity
6  to "lift and carry as much as 20 pounds occasionally, 10 pounds
7  frequently [denoting significant exertional limitations] . . . does
8  not have visual acuity in that he is blind in one eye, does not have
9  depth perception . . .")).

11     In a brief submitted to the Appeals Council, Plaintiff pointed
12 out the disconnect between the residual functional capacity stated in
13 the early part of the ALJ's decision and the residual functional
14 capacity assumed in the ALJ's questioning of the vocational expert
15 (A.R. 291).  The Appeals Council purported to consider this brief but
16 declined to remand or otherwise change the ALJ's internally
17 inconsistent decision (A.R. 5-8).  An ALJ's inaccurate
18 characterization of the record, when material, warrants remand.  <u>See</u>
19 <u>Regennnitter v. Commissioner</u>, 166 F.3d 1294, 1297 (9th Cir. 1999);
20 <u>Lesko v. Shalala</u>, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995); <u>see</u> <u>Mingo</u>
21 <u>v. Apfel</u>, 1998 WL 373411 *2 (D. Kan. July 1, 1998) (remand where ALJ's
22 findings were "internally inconsistent").

24    The error in the ALJ's decision may have been material.  If
25 Plaintiff's actual residual functional capacity is "the claimant's . .
26 . residual functional capacity" referenced at page 8 of the ALJ's
27 decision, then the Grids would appear to direct a conclusion of
28 disability.  <u>See</u> Grid Rule 202.06.  A conclusion of disability,

directed by the Grids is irrebuttable.  See Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir. 1989).[1]

In attempted defense of the ALJ's decision, Defendant appears to argue that errors in questioning the vocational expert were immaterial because the Grids would direct a finding of non-disability for a claimant having the residual functional capacity stated at pages 4 and 7 of the ALJ's decision.  There are at least two problems with the Defendant's argument.  First, the argument presumes that the ALJ intended to find the residual functional capacity referenced at pages 4 and 7 of the ALJ's decision and not the residual functional capacity referenced at page 8 of the ALJ's decision.  Second, and in any event, the Grids cannot direct a finding of non-disability in the present case because of Plaintiff's lack of vision in one eye, a significant non-exertional impairment. Where a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999) ("the grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids"). Blindness in one eye is a significant non-exertional impairment that precludes exclusive reliance on the Grids.  See, e.g., Sykes v. Apfel, 228 F.3d 259, 270 (3rd Cir. 2000); Khon v. Barnhart, 2004 WL 2203740

---

[1] If the residual functional capacity is as stated at pages 4 and 7 of the ALJ's decision, then the error may not be material.

(E.D. Pa. Sept. 3, 2004).

In attempted avoidance of this conclusion, Defendant suggests that Plaintiff's non-exertional impairments "had little or no effect on the occupational base," citing Social Security Ruling 85-15.[2] The cited Social Security Ruling says nothing concerning the issue of whether blindness in one eye has a significant effect on the occupational base. Without evidence, such as the testimony of a vocational expert, the Administration cannot conclude that a non-exertional impairment has little or no effect on the occupational base. See Sykes v. Apfel, 228 F.3d 259, 270 (3rd Cir. 2000) ("the determination whether the non-exertional impairment significantly erodes residual functional capacity cannot be made without reference to additional evidence . . . the practice of the ALJ determining without taking additional evidence the effect of the non-exertional impairment on the residual functional capacity cannot stand"); Francis v. Heckler, 749 F.2d 1562, 1567 (11th Cir. 1985) (error to apply the Grids where the ALJ stated "he was 'persuaded' that this impairment did not significantly limit the range of medium work available to claimant," but there was "no vocational testimony upon which the ALJ could have relied to be so persuaded"); see also Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988) (ALJ may not speculate concerning the requirements of particular jobs); Warmoth v. Bowen, 798 F.2d 1109, 1112 (7th Cir. 1986) ("administrative notice" properly cannot prove the existence of jobs that can be performed by a claimant having non-

---

[2] The ALJ stated that Plaintiff's "ability to perform work at all exertional levels has been compromised by nonexertional impairments" (A.R. 24).

6

1 | exertional impairments).

3 | When a court reverses an administrative determination, "the
4 | proper course, except in rare circumstances, is to remand to the
5 | agency for additional investigation or explanation." INS v. Ventura,
6 | 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is
7 | proper where, as here, additional administrative proceedings could
8 | remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d
9 | 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
10 | 1496, 1497 (9th Cir. 1984).

12 | LET JUDGMENT BE ENTERED ACCORDINGLY.[3]

14 | DATED: July 10, 2008.

16 | _____/S/_____
   | CHARLES F. EICK
17 | UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any of the other issues briefed by the parties, except insofar as to determine that reversal rather than remand would be inappropriate.

7